UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELGA HENRY EL BAI,

                Plaintiff,

            v.

SUPREME COURT of the STATE OF NEW
YORK, COUNTY of KINGS, *et al.*,

                Defendants.

**MEMORANDUM & ORDER**
19-CV-6714 (RRM) (LB)

-----------------------------------------------------------------x

ROSLYNN R. MAUSKOPF, United States District Judge.

On November 19, 2019, plaintiff Elga Henry El Bai, "a member of the Yamasee Nation of Native Americans" and a "Sovereign Moor," filed the instant *pro se* action. (Doc. No. 1.) By letter dated November 27, 2019, the Court informed plaintiff that the filing was deficient because it did not include either the filing fee or an application for *in forma pauperis* relief. The Court directed plaintiff to cure the deficiency within 14 days and enclosed a form which plaintiff could complete in order to apply for *in forma pauperis* relief. (Doc. No. 2.) On December 10, 2019, plaintiff returned the form – signed but otherwise blank – with a stamp across all pages stating: "Not Applicable. *See Crandall v. State of Nevada.*" (Docs. No. 4, 6.)

Title 28, section 1914(a), of the United States Code states that "[t]he clerk of each district court shall require the parties instituting any civil action or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee …." Under 28 U.S.C. § 1915(a)(1), courts "retain the discretion, upon a proper showing, to excuse the payment of the filing fee and grant [*in forma pauperis*] status to a plaintiff." *Walker v. Vill. Court*, No. 17-CV-390 (DNH) (DEP), 2017 WL 4220415, at *1 (N.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*

1

*sub nom. Walker v. Court*, No. 17-CV-390 (DNH) (DEP), 2017 WL 4221069 (N.D.N.Y. Sept. 20, 2017). However, if a plaintiff refuses "to provide any information concerning his finances, the court is unable to make any meaningful assessment of his financial status and determine whether he qualifies for leave to proceed without prepayment of fees." *Id.*

As several courts have previously noted, nothing in *Crandall v. State*, 73 U.S. 35 (1867) – a case in which the Supreme Court recognized a constitutional right to interstate travel – excuses a plaintiff from the statutory requirement that a plaintiff either pay the filing fee or properly apply for *in forma pauperis* relief. *See, e.g., Gaul v. Chrysler Financial Services Americas, LLC.*, 657 F. App'x 16 (2d Cir. 2016) (summary order); *Eric v. Kansas*, No. 19-CV-4083 (SAC), 2019 WL 5787950, at *2 (D. Kan. Nov. 6, 2019); *Neighbors v. Smith*, No. 17-CV-4028 (DDC) (KGS), 2017 WL 1951000, at *2 (D. Kan. May 11, 2017); *Walker*, 2017 WL 4220415, at *1; *Marrakush Society v. New Jersey State Police*, No. 09-CV-2518 (JBS), 2009 WL 2366132, at *9 (D.N.J. July 30, 2009). Although *Crandall* states that "every citizen of the United States from the most remote States or territories, is entitled to free access, not only to the principal departments established at Washington, but also to its judicial tribunals and public offices in every State in the Union," 73 U.S. at 48 (citation omitted), that case "does not exempt all persons from paying filing fees." *Neighbors*, 2017 WL 1951000, at *2. Rather, "it prohibits states from imposing a tax on those wishing to enter their territories or harbors." *Id.* (citing *Crandall*, 73 U.S. at 49).

Since plaintiff has not paid the filing fee and has not submitted a properly completed application for permission to proceed *in forma pauperis*, this action is dismissed without prejudice. Plaintiff may re-commence this action, but only if the complaint is filed together with the filing fee or a properly completed "Application to Proceed in District Court without

Prepaying Fees or Cost." The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* plaintiff and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
        Jan 3 , 2020

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge